| LAND COURT | REGULAR SYSTEM |
|---|---|

AFTER RECORDATION, RETURN BY MAIL ( )  PICKUP (X):

First American Title Company, Inc, .Attention:  Tyson  China, Escrow Officer
1177 Kapiolani Blvd., Honolulu, HI 96814

TITLE OF DOCUMENT:

## SUBORDINATION AGREEMENT

PARTIES TO DOCUMENT:

"**Secured Bondholder**":   MICHELLE RYNNE, CLERK, UNITED STATES DISTRICT COURT, with a mailing address of 300 Ala Moana Boulevard, Honolulu, Hawaii 96850

"**Senior Lender**":   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation ("MERS"), having a mailing address of P.O. Box 2026, Flint, MI 48501-2026, purely as nominee for HAWAIIAN FINANCIAL FEDERAL CREDIT UNION ("Lender"), a federal credit union, with a mailing address of 1138 N. King Street, Honolulu, Hawaii 96817, and Lender's successors and assigns

"**Borrower**":   MICHAEL J.B. MALONE, Trustee of The Michael J.B Malone Trust dated July 17, 2019, with a mailing address of 45-170 Popoki Street, Kaneohe, Hawai'i 96744

Tax Map Key No.: (1) 4-5-065-047          This document contains 10 pages

Page 1

This Subordination Agreement ("**Agreement**") made effective as of _____, 2021 ("**Effective Date**"), by the parties identified on the first page of this Agreement as Secured Bondholder, Senior Lender, and Borrower (collectively, "**Parties**").  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, and/or a street address of 1901 E. Voorhees Street, Suite C, Danville, IL 61834. The MERS telephone number is (888) 679-MERS. FOR PURPOSES OF RECORDING THIS DOCUMENT MERS IS THE MORTGAGEE OF RECORD.

On October 8, 2020, Borrower provided Secured Bondholder a Secured Mortgage in the principal amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00) in connection with the Mortgaged Property, defined below ("**Secured Mortgage**").  The Secured Mortgage is recorded in the Bureau of Conveyances of the State of Hawaii ("**Bureau**") as Document No. A-75860464, covering the real property described in **Exhibit A** attached to and made a part of this Agreement ("**Mortgaged Property**").

On or about _____, 2021, Senior Lender made or is making a loan ("**Senior Loan**") in the principal amount of THREE HUNDRED THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($335,000.00) to Borrower.  In this Agreement, "**Senior Loan Documents**" mean the following, collectively: (a) the Promissory Note dated _____, 2021 made by Borrower in favor of Senior Lender in the amount of the Senior Loan ("**Senior Note**"); (b) the Mortgage ("**Senior Mortgage**") dated _____, 2021 made by Borrower in favor of Senior Lender, recorded in the Bureau as Document No. _____, covering the Mortgaged Property; and (B) any other documents or instruments related to or evidencing the Senior Loan.

Senior Lender would not be willing to make the Senior Loan unless Secured Bondholder subordinates the Secured Mortgage to the Senior Mortgage according to the terms of this Agreement.  Secured Bondholder and Borrower are entering into this Agreement to permit Senior Lender to make the Senior Loan, which will pay off entirely, and take the place of, the first mortgage lien in the original principal amount of $395,000 dated June 9, 2014, and recorded June 16, 2014 in the Bureau of Conveyances of the State of Hawaii as Document No. A-52800200.

Therefore, the Parties agree as follows:

1. <u>Superiority of Senior Mortgage</u>.  The Senior Mortgage will be and remain at all times a lien or charge upon the Mortgaged Property prior and superior to the lien or charge of the Secured Mortgage, so that the Senior Mortgage will become and remain a first lien on the Mortgaged Property for all purposes, in place of the prior first mortgage lien recorded June 16, 2014.

2. <u>Waiver and Subordination by Secured Bondholder</u>.  Secured Bondholder intentionally waives, relinquishes, and subordinates the priority and superiority of the Secured Mortgage in favor of the lien or charge of the Senior Mortgage on the Mortgaged Property, with

the same force and effect as if the Senior Mortgage had at all times been executed, delivered, and recorded, and the proceeds therefrom fully disbursed, before the execution, delivery, and recordation of the Secured Mortgage, and the extension of any credit therefrom, so that the Senior Mortgage will become and remain a first lien on the Mortgaged Property for all purposes.

   3. <u>No Violation or Default under Secured Mortgage</u>.  Secured Bondholder confirms and agrees that the terms of the Secured Mortgage will not be violated by the making of the Senior Loan replacing the existing first lien mortgage on the Mortgaged Property, or the filing or recordation of the Senior Mortgage, any Replacement Security Document (defined below), or any other security documents to collateralize the Senior Loan, any amendments thereto, and replacements thereof.  Secured Bondholder acknowledges, represents, and warrants to Senior Lender that the Secured Mortgage remains in full force and effect, and is not in default, as of the Effective Date of this Agreement.

   4. <u>Amendment and Assignment of Senior Loan Documents</u>.

   (a) Senior Lender and Borrower may amend or modify any or all of the Senior Loan Documents from time to time; provided that any amendment or modification of the Senior Loan Documents: (i) does not increase the amount of the Senior Loan or the indebtedness secured by the Senior Loan Documents, or (ii) does not diminish the value of the Secured Mortgage's secured position ("**Assignment Conditions**").  Copies of any amendment or modification of the Senior Loan Documents pursuant to this Section 8(a) shall be promptly delivered to Secured Bondholder.  Subject to the Assignment Conditions, the obligations of Secured Bondholder hereunder will not be released or in any way affected by: (a) any amendment or modification of any instrument or document executed by Borrower for the benefit of Senior Lender in connection with the Senior Loan; (b) the extension or renewal of the Senior Loan; or (c) any action Senior Lender may take or omit to take with respect to the indebtedness owing by Borrower to Senior Lender on account of the Senior Loan.

   (b) Senior Lender may assign Senior Lender's rights and obligations under this Agreement in Senior Lender's sole discretion and without seeking or obtaining the consent of Borrower or Secured Bondholder.  Borrower and Secured Bondholder will comply with the terms and conditions of this Agreement with respect to any successor-in-interest to Senior Lender.

   5. <u>Amendment of Secured Mortgage</u>.  Secured Bondholder and Borrower may amend, modify or supplement any of the terms of the Secured Mortgage without Senior Lender's prior written consent so long as such amendment, modification, or supplement thereof does not diminish the value of the Senior Lender's first secured position pursuant to the Senior Loan Documents.  Senior Lender consent is required for any amendment, modification, or supplement of the terms of the Junior Loan and/or Junior Mortgage which diminishes the value of the Senior Lender's first secured position pursuant to the Senior Loan Documents, which consent may be withheld in Senior Lender's sole and absolute discretion.

   6. <u>Borrower Consent</u>.  Borrower agrees to be bound by and consents to this Agreement and its provisions.  Senior Lender may assign Senior Lender's rights and obligations

under this Agreement to any person or entity in its sole discretion and without seeking or obtaining the consent of Borrower. Borrower will comply with the terms and conditions of this Agreement with respect to any successor-in-interest to Senior Lender.

7. <u>Termination</u>. This Agreement will be canceled and terminated by the Parties upon the payment to Senior Lender or its successors and assigns of all sums due to Senior Lender or its successors and assigns under the Senior Loan Documents, and will be deemed cancelled and terminated upon the recordation of a release by Senior Lender or its successors and assigns of the Senior Mortgage.

8. <u>Miscellaneous</u>.

(a) <u>Notices</u>. Notices under this Agreement must be in writing and delivered in person or sent by facsimile, email, or certified or registered mail with postage prepaid and return receipt requested, to the person entitled to receive the notice at the last physical address, fax number, or email address provided in writing by that person. Notices will be deemed given on the date actually received.

(b) <u>Headings</u>. All Section headings in this Agreement are for convenience only. They are not a part of this Agreement and do not define, limit, extend, or describe the scope or intent of any provisions.

(c) <u>Definitions</u>. The bolding, capitalizing of initial letters, and enclosing of a word or phrase in quotation marks in this Agreement means that word or phrase is defined by the surrounding text, as suggested by the context (each a "**Defined Term**"). Unless otherwise stated or logically required by the context, each use of a Defined Term with capitalized initial letters but without bolding and quotation marks incorporates the corresponding definition. An uncapitalized word or phrase is not a Defined Term and retains its common or legal term-of-art meaning, as applicable, notwithstanding that the word or phrase may contain the same text as a Defined Term.

(d) <u>Pronouns and Plurals</u>. Whenever the context may require, any pronoun used in this Agreement includes the corresponding masculine, feminine, or neuter forms. The singular form of Defined Terms, nouns, pronouns, and verbs includes the plural, and vice versa.

(e) <u>Further Action</u>. The Parties will execute and deliver all documents, provide all information, and take or refrain from taking action as may be necessary or appropriate to achieve the purposes of this Agreement.

(f) <u>Integration of Entire Agreement</u>. This Agreement is the final, entire agreement among the Parties pertaining to the subject matter of this Agreement, and supersedes all previous agreements and understandings pertaining to this Agreement or its subject matter. All recitals (i.e., any background information provided after the opening paragraph of this Agreement), Exhibits, and Schedules (if any) referenced in this Agreement are a part of this Agreement.

(g) <u>No Waiver</u>. A failure by Senior Lender to require strict performance of any provision of this Agreement, or to exercise any right or remedy arising because of a breach,

is not a waiver of that breach or any other covenant, duty, agreement, or condition. Any extension or waiver by Senior Lender of any provision in this Agreement will be valid only if set forth in writing signed by Senior Lender.

   (h) <u>Applicable Law</u>.  This Agreement will be governed by the laws of the State of Hawaii without regard to the choice of law or principles of conflict of law.

   (i) <u>Jurisdiction</u>.  The Parties will bring all actions in law, equity, or otherwise arising under this Agreement (or related to the transactions contemplated in this Agreement) exclusively in the federal or state courts sitting in Honolulu, Hawaii, and in no other jurisdiction or venue.  Each Party consents to the jurisdiction of such courts.  Each Party further agrees that personal jurisdiction over that Party may be effected by service of process by registered or certified mail addressed to the last address that Party provided to the other Parties, and that when so made will be as if served upon that Party personally within the State of Hawaii.

   (j) <u>Attorneys' Fees and Costs</u>.  If any Party institutes an arbitration, lawsuit, action, or other proceeding of any nature in connection with any controversy arising out of this Agreement, or to interpret or enforce any rights under this Agreement, the prevailing Party may recover all expenses the prevailing Party incurs in enforcing this Agreement, including but not limited to attorneys' fees, costs, and expenses of the arbitration, suit, action, or other proceeding.  Any judgment or order entered in such action will contain a specific provision providing for the recovery of attorneys' fees and costs incurred in enforcing such judgment and an award of prejudgment interest from the date of the breach at the maximum rate of interest allowed by law.  The prevailing Party will be determined by the court, arbiter, or other decision maker based on an assessment of which Party's major arguments made or positions taken in the proceedings could fairly be said to have prevailed over the other Party's major arguments or positions on major disputed issues.

   (k) <u>Drafting</u>.  No provision of this Agreement may be interpreted for or against any Party on the basis that it drafted such provision, and no presumption or burden of proof may arise disfavoring or favoring any Party because of the authorship of any of the provisions of this Agreement.

   (l) <u>Counterparts</u>.  This Agreement may be executed in counterparts.  Signature pages may be delivered personally, by mail, or electronically.

<i>Signature page follows.</i>

Each Party is executing this Agreement effective as of the Effective Date.

                _____
                 MICHELLE RYNNE, solely in her capacity as Clerk of the United States District Court for the District of Hawaii

"Secured Bondholder"

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By: _____
    Name:
    Its:

"Senior Lender"

_____
MICHAEL J.B. MALONE, as Trustee aforesaid

"Borrower"

STATE OF HAWAII            )
                           ) SS.
CITY AND COUNTY OF HONOLULU )

On this ____ day of _____, 20____, before me personally appeared **MICHELLE RYNNE**, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Signature:_____
Print Name:_____
Notary Public, State of Hawaii
My commission expires: _____

(Official Stamp or Seal)

---

NOTARY CERTIFICATION STATEMENT
Document Identification or Description: Subordination Agreement
☐ Doc. Date: _____ or ☐ Undated at time of notarization
No. of Pages: ____    Jurisdiction: First Circuit
(in which notarial act is performed)

_____
Signature of Notary                Date of Notarization and
                                   Certification Statement

_____
Printed Name of Notary                                (Official Stamp or Seal)

STATE OF HAWAII                                )
                                               ) SS.
CITY AND COUNTY OF HONOLULU    )

On this ____ day of _____, 20____, before me personally appeared

_____ , to me personally known, who, being by me duly

sworn or affirmed, did say that such person executed the foregoing instrument as the free act and

deed of such person, and if applicable in the capacity shown, having been duly authorized to

execute such instrument in such capacity.

                                       Signature:_____
                                       Print Name:_____
                                       Notary Public, State of Hawaii
(Official Stamp or Seal)            My commission expires: _____

NOTARY CERTIFICATION STATEMENT
    Document Identification or Description: Subordination Agreement
    ☐ Doc. Date: _____    or ☐ Undated at time of notarization
    No. of Pages: ____    Jurisdiction: First Circuit
                                (in which notarial act is performed)
_____
Signature of Notary                        Date of Notarization and
                                          Certification Statement
_____
Printed Name of Notary                                    (Official Stamp or Seal)

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

On this ____ day of _____, 20____, before me personally appeared **MICHAEL J.B. MALONE**, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Signature:_____
Print Name:_____
Notary Public, State of Hawaii
My commission expires: _____

(Official Stamp or Seal)

---

NOTARY CERTIFICATION STATEMENT
Document Identification or Description: Subordination Agreement
☐ Doc. Date: _____  or ☐ Undated at time of notarization
No. of Pages: ____     Jurisdiction: First Circuit
                       (in which notarial act is performed)

_____
Signature of Notary                 Date of Notarization and
                                    Certification Statement

_____
Printed Name of Notary                                    (Official Stamp or Seal)

## Exhibit A

The Land referred to herein below is situated in the County of Honolulu, State of Hawaii, and is described as follows:

ALL OF THAT CERTAIN PARCEL OF LAND SITUATE, LYING AND BEING AT KALUAPUHI, KANEOHE, DISTRICT OF KOOLAUPOKO, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, BEING A PORTION OF GRANT 8275 TO WILLIAM K. ISAAC, AND ALSO BEING A PORTION OF LOT 45, SECTION "C" OF KALUAPUHI-WAIKALUA HOMESTEADS, BEING LOT 45, AREA 8,432, MORE OR LESS, OF THE "KANEOHE HOMES SUBDIVISION", AS SHOWN ON THE MAP THEREOF FILED IN THE OFFICIAL RECORDS AS FILE PLAN NO. 632.

BEING ALL OF THE PREMISES CONVEYED BY WARRANTY DEED RECORDED JULY 24, 2019 AS REGULAR SYSTEM DOCUMENT NO. A-71440901 OF OFFICIAL RECORDS.

GRANTOR: MICHAEL JOSEPH BUNTENBAH MALONE, UNMARRIED
GRANTEE: MICHAEL J. B. MALONE, TRUSTEE OF THE MICHAEL J. B. MALONE TRUST DATED JULY 17, 2019